2013 ND 210

**Dante PESANTI, Petitioner and Appellee**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellant.**

No. 20130116.

Supreme Court of North Dakota.

Nov. 21, 2013.

Jeff L. Nehring, Williston, ND, for petitioner and appellee.

Douglas B. Anderson, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for respondent and appellant.

MARING, Justice.

[¶ 1] The North Dakota Department of Transportation appeals from the district court's judgment reversing the administrative hearing officer's decision to suspend Dante Pesanti's driving privileges for 180 days for driving under the influence of alcohol. We conclude a reasoning mind reasonably could have concluded the administrative hearing officer's finding that Officer Schrage had a reasonable and articulable suspicion that Pesanti had committed a violation is supported by the weight of the evidence on the entire record. Therefore, we reverse the district court's judgment and reinstate the administrative hearing officer's decision to suspend Pesanti's driving privileges.

I

[¶ 2] On April 7, 2012, Officer Schrage arrested Pesanti for driving under the influence and, subsequently, issued a report and notice to suspend Pesanti's driving privileges. The report and notice stated Pesanti had a blood-alcohol concentration of .23 percent. Pesanti requested and received an administrative hearing.

[¶ 3] At the administrative hearing, Officer Schrage testified that, at approximately 1:45 a.m. on April 7, 2012, he was in the Tioga Motors parking lot when he heard the revving of an engine, as if the engine was accelerating very hard. A vehicle drove by the parking lot making the same sounds heard earlier, and Officer Schrage proceeded to follow the vehicle for approximately one and a half miles. Officer Schrage observed the vehicle, later determined to be driven by Pesanti, drift from the centerline to the fog line more than five times but never cross the centerline or fog line. Officer Schrage testified the swerving was continuous and gradual, rather than abrupt, and Pesanti appeared to have great difficulty maintaining the vehicle's position within the lane. Officer Schrage observed Pesanti fail to maintain a steady speed. Pesanti would accelerate toward the speed limit and then slow, but Pesanti never sharply or rapidly accelerated. Pesanti's speed stayed between 40 to 45 miles per hour in a 45 miles-per-hour zone. Officer Schrage observed Pesanti successfully negotiate a gentle S curve. Officer Schrage testified he did not observe Pesanti violate any traffic laws. Officer Schrage testified that based on his observations, training, and experience, he believed Pesanti may have been impaired and he initiated a traffic stop.

[¶ 4] The administrative hearing officer specifically found that "at approximately 1:45 AM" Officer Schrage "heard a vehicle revving its engine, accelerate very hard, shift gears and again accelerate very hard[,]" and observed the vehicle "beg[in] to swerve from the center line to the fog line without crossing the lines. The vehicle behavior was continuous, back and forth, for approximately 1 1/2 miles." The administrative hearing officer concluded that Pesanti's weaving, observed by Officer Schrage, "was significantly more pronounced than the 'slight' weaving described in Salter v. [N.D. Dep't] of Transp., 505 N.W.2d 111, 114 (N.D. 1993)[,]" and "[b]ased upon Officer Schrage's training and experience," provided Officer Schrage with a reasonable and articulable basis to stop Pesanti's vehicle. The administrative hearing officer suspended Pesanti's driving privileges for 180 days.

[¶ 5] Pesanti appealed to the district court. The district court reversed the administrative hearing officer's decision, concluding Officer Schrage's observations were sufficient grounds to follow Pesanti and observe him further, however, Officer Schrage did not observe Pesanti violate a traffic law that would justify the stop. The Department appeals the district court's decision.

[¶ 6] On appeal, the Department argues the district court erred in reversing the administrative hearing officer's suspension of Pesanti's driving privileges. The Department argues Officer Schrage's observations constituted a reasonable and articulable basis to stop Pesanti's vehicle.

## II

[¶ 7] This Court's review of an administrative decision to suspend a driver's license is governed by the Administrative Agencies Practice Act. N.D.C.C. ch. 28–32; *Schock v. ND Dep't of Transp.*, 2012 ND 77, ¶ 11, 815 N.W.2d 255. "The review is limited to the record before the administrative agency." *Mees v. ND Dep't of Transp.*, 2013 ND 36, ¶ 9, 827 N.W.2d 345. We review the administrative hearing officer's decision and give deference to the administrative hearing officer's findings. *Dettler v. Sprynczynatyk*, 2004 ND 54, ¶ 10, 676 N.W.2d 799. We do not, however, make independent findings or substitute our judgment for that of the agency. *Id.* Rather, we "determine only whether a reasoning mind reasonably could have concluded the findings were supported by the weight of the evidence from the entire record." *Id.* "We defer to the hearing officer's opportunity to judge the credibility of witnesses." *Schock*, at ¶ 12. This Court must affirm an administrative hearing officer's decision unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46. Whether the facts meet the legal standard, rising to the level of reasonable and articulable suspicion, is a question of law fully reviewable on appeal. *Schock*, at ¶ 12.

## III

[¶ 8] The Department argues the district court erred in reversing the administrative hearing officer's decision because Officer Schrage's observations constituted a reasonable and articulable basis to stop Pesanti's vehicle.

[¶ 9] "An officer must have a reasonable and articulable suspicion that a law has been or is being violated to stop a moving vehicle for investigation." *Salter*, 505 N.W.2d at 114. "It is well settled, traffic violations, even if considered common or minor, constitute prohibited conduct which provide officers with requisite

suspicion for conducting investigatory stops," *Hanson v. ND Dep't of Transp.*, 2003 ND 175, ¶ 15, 671 N.W.2d 780, but an officer is not required to "observe a motorist violat[e] a traffic law or . . . rule out every potential innocent excuse" before initiating a traffic stop to investigate. *State v. Mohl*, 2010 ND 120, ¶ 7, 784 N.W.2d 128. There may be circumstances when conduct, even though completely lawful, "might justify the suspicion" that criminal activity is underway. *Kappel v. ND Dep't of Transp.*, 1999 ND 213, ¶ 10, 602 N.W.2d 718. Reasonable and articulable suspicion requires more than "a mere hunch illegal activity is taking place." *Id.* at ¶ 7. "The reasonable suspicion standard must be objective and is based on the totality of the circumstances." *Id.* "An investigative stop of a moving vehicle must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity, and mere curiosity, suspicion, vague hunches, or other non-objective facts will not suffice." *Salter*, at 114. "[T]he reasonable suspicion standard does not require an officer to see a motorist violating a traffic law or to rule out every potential innocent excuse for the behavior in question before stopping a vehicle for investigation." *Kappel*, at ¶ 10. The question becomes whether a reasonable person in Officer Schrage's position would have been justified by some objective manifestation to suspect that Pesanti was, or was about to be, engaged in unlawful activity.

[¶ 10] This Court held that a smooth, continuous weaving within a lane may be enough to justify an investigative stop. *State v. Dorendorf*, 359 N.W.2d 115, 116–17 (N.D.1984). Courts in other jurisdictions have held that continuous weaving within a lane may or will justify a stop. *See State v. Ellanson*, 293 Minn. 490, 198 N.W.2d 136 (1972); *State v. Field*, 252 Kan. 657, 847 P.2d 1280 (1993). This Court has held in numerous cases that weaving within the lane, and never crossing the center or fog lines, coupled with other factors, has provided officers with reasonable and articulable suspicion to justify a traffic stop. A reasonable and articulable suspicion to justify a traffic stop existed when an observation of a longer than normal pause at an intersection was taken into consideration with weaving within the lane. *Kappel*, 1999 ND 213, ¶¶ 4, 19, 602 N.W.2d 718. Weaving within the lane constituted reasonable and articulable suspicion when an officer, with six years of experience, observed a vehicle touching the center and fog lines an unusual number of times at 1:27 a.m. *Mohl*, 2010 ND 120, ¶ 9, 784 N.W.2d 128. Officers had a reasonable and articulable suspicion to justify a traffic stop when weaving within the lane was observed for approximately one-eighth to one-quarter of a mile, shortly before 1:00 a.m., and the officers had seven and nine years of experience. *Dorendorf*, at 116–17. We also held that weaving characterized by an officer as "slight" or "minimum" does "not serve as a valid basis for a vehicle stop." *Salter*, 505 N.W.2d at 113. In *Salter*, the weaving was so slight within the lane that the officer did not consider it significant enough to include in the final report. *Id.*

[¶ 11] In assessing the reasonableness of an officer's traffic stop to investigate, this Court takes into account the inferences and deductions an officer would make that may elude laypersons. *Kappel*, 1999 ND 213, ¶ 8, 602 N.W.2d 718. An officer's inferences and deductions, as a situation unfolds, drawn from experience and training, are considered when determining whether the totality of the circumstances creates a reasonable suspicion of potential criminal activity. *Id.* An officer's inferences may be influenced by the time of day an observation occurs. In *City of*

*Fargo v. Ovind,* 1998 ND 69, ¶ 17, 575 N.W.2d 901, an officer's suspicion could have been "rendered less reasonable . . . if the report had come at a different time of day." Conversely, the time of day may render an officer's suspicion more reasonable.

[¶ 12] In this case, under the totality of the circumstances, Officer Schrage had a reasonable and articulable suspicion to stop the vehicle. According to Officer Schrage's testimony, he is a police officer who has worked for Tioga Police Department for just under one year. He was educated at Rochester Community Technical College and has training and experience in the investigation of driving under the influence cases. Officer Schrage used this training and experience to interpret his observations and come to the conclusion the driver of the vehicle may be impaired. At approximately 1:45 a.m., over the course of one and a half miles, Officer Schrage observed Pesanti's vehicle continuously and gradually weaving. He heard revving of an engine immediately before Pesanti's vehicle came into view. Officer Schrage's conclusion that Pesanti may be impaired came from his observations in conjunction with his training and experience. We agree with the administrative hearing officer's conclusion that "[t]he weaving that Officer Schrage observed was significantly more pronounced than the 'slight' weaving described in *Salter.*" Here the observations of Officer Schrage were more akin to those of the officers in *Dorendorf,* than the officers in *Salter.*

## IV

[¶ 13] We conclude a reasoning mind reasonably could have concluded the administrative hearing officer's findings are supported by the weight of the evidence on the entire record. Therefore, we reverse the district court's judgment and reinstate the administrative hearing officer's decision to suspend Pesanti's driving privileges.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

KAPSNER, Justice, dissenting.

[¶ 15] I respectfully dissent. I would affirm the district court judgment under *Salter v. N.D. Dep't of Transp.,* 505 N.W.2d 111 (N.D.1993).

[¶ 16] Carol Ronning Kapsner