# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2018 ND 256

State of North Dakota,                                                    Plaintiff and Appellee

v.

Nathan Thomas Bornsen,                                          Defendant and Appellant

No. 20180093

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Jay Dennis Knudson, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Andrew C. Eyre (argued), Assistant State's Attorney, and Jackson Pasco (appeared), third-year law student, under the Rule on Limited Practice of Law by Law Students, Grand Forks, ND, for plaintiff and appellee.

Alexander F. Reichert (argued) and Elizabeth Hewitt (appeared), third-year law student, under the Rule on Limited Practice of Law by Law Students, Grand Forks, ND, for defendant and appellant.

**Jensen, Justice.**

[¶1]     Nathan Bornsen appeals from the judgment entered following his conditional plea of guilty to a charge alleging he had been driving under the influence with one prior offense.  Bornsen asserts the district court erred in denying his motion to suppress evidence because his vehicle was unlawfully stopped by law enforcement. Because the district court did not err in denying Bornsen's motion to suppress, we affirm the judgment of the district court.

[¶2]     On October 18, 2017, Bornsen was arrested and charged with Driving under the Influence—Second Offense.  Bornsen filed a motion to suppress based on lack of reasonable suspicion to support the traffic stop.

[¶3]     During the suppression hearing, a Grand Forks County Sheriff's Deputy testified he observed a vehicle driven by Bornsen come to a stop in front of a stop sign for "approximately fifteen seconds."  The deputy stated that, in his experience at that intersection, a normal stop is often between one to two seconds.  Due to the extended stop, the deputy left his stationary position and followed Bornsen.  The deputy subsequently observed Bornsen make a "wide" right turn where "the driver's side wheel drove onto the centerline followed by the rear driver's side wheel."  The deputy testified that the driver's side tires remained on the centerline for two or three seconds.  The deputy followed Bornsen for half a mile "in attempt to observe further violations," but did not observe any additional traffic violations.  The deputy then initiated the traffic stop.  The deputy testified the reason for the traffic stop was "stopping or standing where prohibited; and a wide turn."  The deputy read a portion of his affidavit into the record, stating "the vehicle remained stationary for 15 seconds" and made "a wide turn."  Bornsen asserted the initial reason given by the deputy for the traffic stop was the extended stop at the stop sign and there was no mention of a wide turn.  Bornsen was given a written warning regarding N.D.C.C. §

1

39-10-49—Stopping, standing, or parking prohibited in specified places. The district court reviewed the body cam footage and confirmed the initial stated reason for the traffic stop was the "delay at the stop sign," but ultimately determined that the extended stop coupled with the wide turn were sufficient for the deputy to initiate the stop.

[¶4]    Bornsen argues the district court erred in denying his motion to suppress because the deputy did not have a reasonable and articulable suspicion to believe Bornsen violated the law.

[¶5]    Investigatory traffic stops are valid when the officer conducting the stop had "a reasonable and articulable suspicion the motorist has violated or is violating the law." *Gabel v. N.D. Dep't of Transp.*, 2006 ND 178, ¶ 9, 720 N.W.2d 433. Whether an officer had a reasonable and articulable suspicion is a fact-specific inquiry that "is evaluated under an objective standard considering the totality of the circumstances." *Id.* The severity of an observed legal violation is not relevant, and even common and minor violations "constitute prohibited conduct which provide officers with requisite suspicion for conducting investigatory stops." *Zimmerman v. N.D. Dep't of Transp.*, 543 N.W.2d 479, 482 (N.D. 1996). The determination of whether the facts in a case support a reasonable suspicion is a question of law which is fully reviewable on appeal. *City of Dickinson v. Hewson*, 2011 ND 187, ¶ 6, 803 N.W.2d 814. We affirm the district court's decision unless we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence. *City of Fargo v. Thompson*, 520 N.W.2d 578, 581 (N.D. 1994).

[¶6]    We have previously noted that the "United States Supreme Court has made it clear that its cases foreclose any argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved." *State v. Ostby,* 2014 ND 180, ¶ 8, 853 N.W.2d 556 (quoting *Whren v. United States*, 517 U.S. 806, 813 (1996)). This Court has often noted that, even if pretextual, traffic violations provide a lawful basis to conduct an investigatory vehicle stop, and

2

evidence discovered during those stops is admissible. *See, e.g.*, *Ostby*, at ¶ 8 (citing *State v. Oliver*, 2006 ND 241, ¶ 6, 724 N.W.2d 114); *see also State v. Bartelson*, 2005 ND 172, ¶ 8, 704 N.W.2d 824; *State v. Higgins*, 2004 ND 115, ¶ 11, 680 N.W.2d 645; *State v. Loh*, 2000 ND 188, ¶ 10, 618 N.W.2d 477; *Wheeling v. Director of N.D. Dep't of Transp.*, 1997 ND 193, ¶ 9, 569 N.W.2d 273. The severity of an observed traffic violation is of no consequence. *Pesanti v. N.D. Dep't of Transp.*, 2013 ND 210, ¶ 9, 839 N.W.2d 851. "It is well settled, traffic violations, even if considered common or minor, constitute prohibited conduct which provide officers with requisite suspicion for conducting investigatory stops . . . ." *Id.* (quoting *Hanson v. Director, N.D. Dep't of Transp.*, 2003 ND 175, ¶ 15, 671 N.W.2d 780). The severity of the observed legal violation is not relevant, and even common and minor violations "constitute prohibited conduct which provide officers with requisite suspicion for conducting investigatory stops." *Zimmerman*, 543 N.W.2d at 482.

[¶7] Stopping, standing, or parking in particular locations is prohibited by N.D.C.C. § 39-10-49. The statute enumerates 14 specific locations where vehicles may not be stopped "except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device . . . ." The statute does not define the amount of time necessary to be considered "stopping." The incident occurred on a rural highway at an intersection where the deputy's prior experience was that vehicles would normally stop for two or three seconds. The deputy observed Bornsen stopped at an intersection for 15 seconds, considered Bornsen's actions to be a violation of N.D.C.C. § 39-10-49, and ultimately issued a written warning for a violation of N.D.C.C. § 39-10-49. The apparent traffic violation, regardless of its severity and regardless of whether Bornsen could have been found guilty of the violation, was sufficient for the deputy to initiate the traffic stop.

[¶8] The deputy observed Bornsen stop for an extended time at an intersection, and it was objectively reasonable under the circumstances for the deputy to believe that there had been a violation of N.D.C.C. § 39-10-49. The apparent violation, even if

3

considered common or minor, was prohibited conduct which provided the deputy with requisite suspicion for conducting an investigatory stop. The district court did not err in denying Bornsen's motion to suppress, and we affirm the judgment.

[¶9]    Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Gerald W. VandeWalle, C.J.

I concur in the result.
Jerod E. Tufte