780 N.W.2d 650 (2010)
2010 ND 63
STATE of North Dakota, Plaintiff and Appellee
v.
Christian R. WOLFER, Defendant and Appellant.
No. 20090323.
Supreme Court of North Dakota.
April 6, 2010.
Lloyd Clayton Suhr, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.
Danny Lee Herbel, Bismarck, ND, for defendant and appellant.
*651 CROTHERS, Justice.
[¶ 1] Christian Wolfer appeals the district court's amended judgment entered upon his conditional plea of guilty to driving under the influence of alcohol. We affirm, concluding evidence supported the district court's denial of Wolfer's motion to suppress evidence obtained from Wolfer's traffic stop.

I
[¶ 2] Wolfer was stopped in the early morning hours of April 25, 2009, after the vehicle he was driving left the marked lane of traffic and drove with its right wheels outside the lane's fog line. Following the stop and some field sobriety tests, Wolfer was arrested for driving under the influence of alcohol. Wolfer pled not guilty, and a jury trial was scheduled. Before trial, Wolfer moved to suppress the evidence obtained from the traffic stop, arguing the arresting officer did not have reasonable and articulable suspicion for initiating the stop. A suppression hearing was held, and the only witness was Wolfer's arresting officer. The officer testified he stopped Wolfer's vehicle because he saw it "veer over the right fog line crossing over onto the shoulder of the roadway [and] back onto the lane of travel." The officer indicated Wolfer's tires crossed over the fog line by one foot and traveled outside the fog line for two seconds and for a distance of ten to twenty feet.
[¶ 3] On cross-examination, the officer testified Wolfer's departure from the marked lane of traffic coincided with a curve in the road and with the braking of multiple vehicles in front of Wolfer. The officer indicated the vehicles ahead of Wolfer were braking because they were approaching a police patrol vehicle with its lights flashing parked on the right shoulder of the roadway.
[¶ 4] The district court denied Wolfer's motion to suppress after considering the parties' post-trial briefs and after reviewing a video recording of Wolfer's driving and stop. The district court concluded that "[t]he trooper's stop of the Defendant was authorized by the Defendant's crossing of the fog line." Judgment was entered based on Wolfer's conditional plea of guilty, and Wolfer timely filed this appeal.

II
[¶ 5] Wolfer argues that the district court's denial of his motion to suppress should be reversed and that this case should be remanded with instructions to suppress all evidence obtained through his traffic stop because the stop was not based on a reasonable and articulable suspicion of an actual or imminent violation of the law. The appropriate standard of review is outlined in State v. Gregg,
"When reviewing a district court's ruling on a motion to suppress, we defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. City of Grand Forks v. Zejdlik, 551 N.W.2d 772, 774 (N.D.1996) (citing City of Grand Forks v. Egley, 542 N.W.2d 104 (N.D.1996)). We affirm the district court's decision unless we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence. City of Fargo v. Thompson, 520 N.W.2d 578, 581 (N.D. 1994).
"`Although the underlying factual disputes are findings of fact, whether the findings meet a legal standard, in this instance a reasonable and articulable suspicion, is a question of law.' Zejdlik, 551 N.W.2d at 774 (citations omitted). Questions of law are fully reviewable. Id. (citing State v. Glaesman, 545 N.W.2d 178 (N.D.1996)). The ultimate *652 conclusion of whether the facts support a reasonable and articulable suspicion is fully reviewable on appeal. State v. Hawley, 540 N.W.2d 390, 392 (N.D. 1995)."
2000 ND 154, ¶¶ 19-20, 615 N.W.2d 515.
[¶ 6] Investigatory traffic stops are valid when the officer conducting the stop had "a reasonable and articulable suspicion the motorist has violated or is violating the law." Gabel v. N.D. Dep't of Transp., 2006 ND 178, ¶ 9, 720 N.W.2d 433. Whether an officer had a reasonable and articulable suspicion is a fact-specific inquiry that "is evaluated under an objective standard considering the totality of the circumstances." Id. The severity of the observed legal violation is not relevant, and even common and minor violations "constitute prohibited conduct which provide officers with requisite suspicion for conducting investigatory stops." Zimmerman v. N.D. Dep't of Transp., 543 N.W.2d 479, 482 (N.D.1996).
[¶ 7] North Dakota's practicable lane statute requires,
"A vehicle must be driven as nearly as practicable entirely within a single lane and may not be moved from such lane until the driver has first ascertained that such movement can be made with safety."
N.D.C.C. § 39-10-17(1). Evidence presented at the suppression hearing was sufficient to support the district court's conclusion Wolfer's arresting officer had a reasonable and articulable suspicion Wolfer had violated the practicable lane statute by crossing over the fog line. The officer's testimony and the video recording of the stop established Wolfer's right tires drove outside the marked lane of traffic on a dry and obstruction-free roadway. While the braking vehicles, curving road and parked police vehicle are facts that go towards the practicability of staying entirely within a single lane, the validity of the investigatory stop turned on the officer's reasonable suspicion a law had been broken, not on "whether the grounds for the stop [would] ultimately result in conviction." State v. Smith, 452 N.W.2d 86, 88 (N.D.1990). Reviewing the suppression hearing's transcript and watching video of the stop, we conclude the district court properly denied Wolfer's motion to suppress because there was reasonable and articulable suspicion a law had been broken.
[¶ 8] A central theme of Wolfer's argument is that the arresting officer and the district court were of the opinion that any touching or crossing of a fog line constitutes a violation of the practicable lane statute, failing to give credence to the "practicable" language and any mitigating facts. Wolfer is correct that crossing a fog line is not a violation of the law when remaining in the lane is not practicable. N.D.C.C. § 1-02-02 ("Words used in any statute are to be understood in their ordinary sense."). However, the record contains evidence demonstrating the practicability of Wolfer remaining entirely within his lane. While the district court's order denying Wolfer's motion to suppress could have provided a more detailed explanation of the district court's findings, we will not "automatically reverse for more definite findings if the trial court's reasoning is fairly discernible by deduction or inference." State v. Schmitz, 474 N.W.2d 249, 251 n. 5 (N.D.1991). Such is the case here because of the officer's testimony and the video recording of the driving and road conditions.
[¶ 9] We are mindful of a body of law addressing issues similar to those in this case. Kansas, New Jersey, Ohio and the United States Tenth Circuit Court of Appeals apply a standard similar to our own. These jurisdictions focus on the reasonableness *653 of an officer's suspicion in light of the facts surrounding the stop as they reflect the practicability of maintaining a single lane of travel. State v. Tinoco, No. 100,435, 2009 WL 1591644, at *5 (Kan.Ct. App. June 5, 2009); State v. Woodruff, 403 N.J.Super. 620, 959 A.2d 1233, 1238-39 (N.J.Super.Ct. Law Div.2008); State v. Mays, 119 Ohio St.3d 406, 894 N.E.2d 1204, 1208-09 (2008); United States v. Alvarado, 430 F.3d 1305, 1308-09 (10th Cir. 2005). The analysis used by other jurisdictions are of minimal value to this Court for various reasons. Florida, Maryland and Texas have held their practicable lane statutes cannot be violated absent a showing that departure from the marked lane created a safety hazard. Crooks v. State, 710 So.2d 1041, 1043 (Fla.Dist.Ct.App. 1998); Rowe v. State, 363 Md. 424, 769 A.2d 879, 889 (2001); Hernandez v. State, 983 S.W.2d 867, 871 (Tex.Ct.App.1998). Montana has held its practicable lane statute applies only to changes between marked lanes, not to fog line crossings. State v. Lafferty, 291 Mont. 157, 967 P.2d 363, 366 (1998). A number of jurisdictions base the validity of an investigatory stop on whether an actual violation of a practicable lane statute occurred, rather than addressing the reasonableness of an officer's suspicion. State v. Livingston, 206 Ariz. 145, 75 P.3d 1103, 1106 (Ariz.Ct.App. 2003); State v. Tague, 676 N.W.2d 197, 203-04 (Iowa 2004); People v. Davis, 58 A.D.3d 896, 870 N.Y.S.2d 602, 603 (N.Y.App.Div.2009); United States v. Freeman, 209 F.3d 464, 466 (6th Cir.2000). Illinois and Minnesota analyze the reasonableness of an officer's suspicion, but omit a factual inquiry into the practicability of remaining entirely within a single lane. People v. Smith, 172 Ill.2d 289, 216 Ill.Dec. 658, 665 N.E.2d 1215, 1218-19 (1996); State v. Johnson, No. A07-1566, 2008 WL 5214469, at *3 (Minn.Ct.App. Dec.16, 2008). In light of the varying standards and interpretations across the country, and because our analysis is consistent with North Dakota case law and the case law from the jurisdictions first mentioned above, we decline Wolfer's invitation to adopt a different approach.

III
[¶ 10] The district court's denial of Wolfer's motion to suppress is supported by the evidence. The amended judgment entered by the district court is affirmed.
[¶ 11] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.