2010 ND 120

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Corey Allen MOHL, Defendant and Appellant.**

**No. 20100009.**

Supreme Court of North Dakota.

June 30, 2010.

Jackson J. Lofgren, Assistant State's Attorney, Morton County Courthouse, Mandan, N.D., on brief.

Danny L. Herbel, Bismarck, N.D., on brief.

MARING, Justice.

[¶ 1] Corey Allen Mohl appeals from the judgment entered on a conditional plea of guilty to the charge of driving under the influence of intoxicating liquor. Mohl argues the trial court erred in denying his motion to suppress evidence because law enforcement did not have a reasonable and articulable suspicion that Mohl violated the law or was about to violate the law. We affirm, concluding the officer had reasonable and articulable suspicion to stop Mohl's vehicle.

I

[¶ 2] On April 12, 2009, Mohl was driving approximately five miles west of Mandan on Highway B–94. An officer testified that, at approximately 1:27 a.m., he began to follow Mohl's vehicle at a distance of approximately one hundred yards. The officer testified he followed Mohl's vehicle

for approximately three miles, and it touched the fog line approximately sixteen times and the center line approximately eight times, but did not cross either line. The vehicle was not speeding, and no vehicles tried to pass. The officer stopped the vehicle for erratic driving within its lane and touching the fog and center lines. He testified that, while it was normal for a vehicle to move within its lane and touch the lines, "this vehicle was touching the lines a lot more than a vehicle normally does." The officer stopped Mohl's vehicle, and, ultimately, he arrested Mohl for driving under the influence.

[¶ 3] Mohl moved to suppress evidence, arguing the officer did not have a reasonable and articulable suspicion to stop the vehicle and there was no probable cause for arrest. Both parties filed briefs. The court held an evidentiary hearing, at which the arresting officer testified. The trial court denied the motion. Mohl entered a conditional plea of guilty reserving his right to appeal.

[¶ 4] On appeal, Mohl argues the trial court's denial of his motion to suppress evidence should be reversed on the grounds the officer did not have a reasonable and articulable suspicion that Mohl violated the law or was about to violate the law. Mohl contends the officer stopped his vehicle on a mere hunch of illegal activity in violation of his constitutional rights.

## II

[¶ 5] This Court's review of a trial court's decision on a motion to suppress evidence is well-established. As we explained in *State v. Wolfer:*

When reviewing a district court's ruling on a motion to suppress, we defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. We affirm the district court's decision unless we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence.

Although the underlying factual disputes are findings of fact, whether the findings meet a legal standard, in this instance a reasonable and articulable suspicion, is a question of law. Questions of law are fully reviewable. The ultimate conclusion of whether the facts support a reasonable and articulable suspicion is fully reviewable on appeal.

2010 ND 63, ¶ 5, 780 N.W.2d 650 (citations omitted).

[¶ 6] Mohl argues the officer did not have a reasonable and articulable suspicion to stop his vehicle, and that he unlawfully stopped Mohl's vehicle on a hunch of illegal activity. Relying on *Salter v. N.D. Department of Transp.*, 505 N.W.2d 111, 112 (N.D.1993), Mohl argues that weaving within a lane of travel does not give rise to a reasonable and articulable suspicion.

[¶ 7] Under the Fourth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment, and Article I, Section 8 of the North Dakota Constitution, all searches and seizures must be reasonable. *Abernathey v. Department of Transp.*, 2009 ND 122, ¶ 8, 768 N.W.2d 485. An officer must have a reasonable and articulable suspicion the motorist has violated or is violating the law to stop a vehicle for investigative purposes. *State v. Addai*, 2010 ND 29, ¶ 18, 778 N.W.2d 555. This Court considers the totality of the circumstances and determines whether "a reasonable person in the officer's position would be justified by some objective manifestation to believe the defendant was, or was about to be, engaged in unlawful activity."

*Id.* (citation omitted). The officer must have more than a mere hunch, but the officer does not need to isolate "a single factor that alone signals a potential violation of the law." *Id.* "When assessing reasonableness, we examine all of the information known to the officer at the time of the stop, and we consider inferences and deductions an investigating officer would make which may elude a layperson." *Id.* (citation omitted). Moreover, this Court does not require an officer to observe a motorist violating a traffic law or to rule out every potential innocent excuse before stopping a vehicle for investigation. *Kappel v. Director, Dep't of Transportation,* 1999 ND 213, ¶ 10, 602 N.W.2d 718.

[¶ 8] In *Salter,* this Court affirmed a district court judgment reversing the suspension of Salter's driving privileges. 505 N.W.2d at 112. Salter was traveling 30–35 miles per hour in a 50 mile-per-hour zone, made "slight movement back and forth" within his lane, and other vehicles were coming up behind him. *Id.* at 112–13. In *Salter,* this Court noted there was no evidence of erratic movement, sharp veering, or any other factors, but instead, the movement was "slight" or "minimum," and the police officer failed to even mention it in his initial report. *Id.* at 113. By contrast, in *State v. Dorendorf,* the Court affirmed a judgment of driving under the influence. 359 N.W.2d 115 (N.D.1984). Dorendorf had been driving at 1:00 a.m., and law enforcement noticed the vehicle was weaving within its lane of traffic. *Id.* The Court determined the officers had seven and nine years of law enforcement training, had made investigatory stops based on circumstances similar to the situation at hand, and had described the driving as erratic. *Id.* at 117.

[¶ 9] In this case, under the totality of the circumstances, the officer had a reasonable and articulable suspicion to stop the vehicle. According to the officer's testimony, he is a deputy sheriff who has worked for the Morton County Sheriff's Office for six years. At approximately 1:27 a.m., the officer observed Mohl's vehicle weaving. He observed Mohl's vehicle touching the fog line approximately sixteen times and the center line approximately eight times in three miles "[s]o [he] stopped it . . . for the erratic driving within the lane and touching the lines." The officer also testified that, while it was normal for a vehicle to move within its lane and touch the lines, "this vehicle was touching the lines a lot more than a vehicle normally does."

[¶ 10] The evidence in the record supports the trial court's denial of the motion to suppress evidence obtained from the traffic stop. We conclude the officer had reasonable and articulable suspicion to stop Mohl's vehicle and affirm the judgment.

[¶ 11] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.