2010 ND 230

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Roger ZINK, Defendant and Appellant.**

**No. 20100117.**

Supreme Court of North Dakota.

Dec. 2, 2010.

Rehearing Denied Jan. 12, 2011.·

Tyrone J. Turner, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Irvin B. Nodland, P.C., and Chad Nodland (argued), Bismarck, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Roger Zink appealed from the judgment entered on a conditional plea of guilty to the charge of driving under the influence of intoxicating liquor ("DUI"). Zink argues the district court erred in denying his motion to dismiss the DUI charge or suppress evidence because law enforcement did not have a reasonable and articulable suspicion that Zink violated the law or was about to violate the law. We affirm, concluding sufficient competent evi-

dence supports the district court's decision to deny Zink's motion.

## I.

[¶ 2] A Burleigh County Sheriff's deputy stopped Zink's car, gave him a field sobriety test, and arrested him for driving under the influence. Before trial, Zink moved the district court to dismiss the DUI charge and, alternatively, to suppress the deputy's testimony stemming from the traffic stop. Zink argued the deputy gave false testimony at a Department of Transportation ("DOT") driver's license suspension hearing about how close he was to Zink's car when he observed the traffic violations. He further argued the deputy's pursuit of his vehicle was unreasonable because the deputy had to have been speeding to be close enough to observe the asserted traffic violations. The State disagreed, noting Zink's stipulation that the deputy had a lawful justification for the traffic stop. The State also argued that while the deputy's testimony as to his proximity to Zink's car when he claimed to have observed the traffic violations was inconsistent with his testimony at the DOT hearing, the deputy was simply giving an estimate of the distance.

[¶ 3] The district court held a hearing where both the deputy and Zink testified. Acknowledging the deputy's "inaccurate" statements, the district court denied Zink's request to dismiss the charge or suppress evidence.

[¶ 4] Zink filed a motion to reconsider with an affidavit and four exhibits attached. He claimed the deputy's pursuit was unlawful, and the deputy's testimony at the DOT hearing concerning the traffic violations constituted perjury. He denied that the deputy had a valid justification for the traffic stop—a fact to which he had previously stipulated. Using his personal speed calculations and latitude/longitude determinations, Zink claimed, as he did at the suppression hearing, that the deputy raced upwards of 80 to 100 miles per hour to get into a position to observe a traffic violation. His affidavit highlighted the inconsistency between the deputy's testimony at the DOT hearing, where the deputy estimated he was 10 to 15 feet from Zink's car, and his testimony at the suppression hearing, where the deputy stated he could have been 50 to 75 yards from Zink's car when he observed the traffic violations. The district court denied his motion to reconsider.

## II.

[¶ 5] Zink argues the district court's denial of his motion to dismiss the charge or suppress evidence should be reversed. We outlined the applicable standard of review of a motion to suppress evidence in *State v. Mohl:*

> When reviewing a district court's ruling on a motion to suppress, we defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. We affirm the district court's decision unless we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence.

2010 ND 120, ¶ 5, 784 N.W.2d 128 (quoting *State v. Wolfer,* 2010 ND 63, ¶ 5, 780 N.W.2d 650).

[¶ 6] Our review is limited to issues raised before the district court. *State v. Gill,* 2008 ND 152, ¶ 21, 755 N.W.2d 454 (citing *State v. Kieper,* 2008 ND 65, ¶ 16, 747 N.W.2d 497). On this appeal, Zink claims the deputy's traffic stop was not based on a reasonable suspicion of an actual or imminent violation of the law. Zink also claims the deputy's testimony before the DOT was perjurious and the deputy's pursuit of Zink was reckless and illegal.

[¶ 7] In his motion, however, Zink did not challenge the reasonableness of either the traffic stop or the deputy's pursuit of Zink's car. He challenged the "false testimony" of the deputy. The limited scope of Zink's motion to dismiss the charge or suppress evidence is consistent with Zink's characterization of the hearing's limited scope at the suppression hearing:

[W]e would concede that there is a legitimate incident where Mr. Zink's vehicle touched the fog line and that would have justified the stop. But again, we believe that there is [sic] some discrepancies in the report and in the testimony prior to that, that would perhaps render this case—that would have it fall into that set of outrageous cases, because we don't—we want these reports and testimony to be accurate and reliable.

The limited scope of Zink's motion is also consistent with his failure to object to the State's characterization of the hearing's limited scope:

I wanted to limit this stuff too, so I had spoken with Mr. Vinje and I do want to reiterate that there has been a stipulation that a traffic violation was committed by the defendant prior to the stop, a traffic violation was observed.

. . . .

I don't have to now present testimony through Deputy Braun of why he was where he was at and what he observed and so on and so forth. But, since I have an ethical obligation to pursue the truth, and there has been some allegation that the deputy has lied or perjured himself or has put this particular proceeding in jeopardy, I am going to call him to the stand.

[¶ 8] Zink's motion to dismiss the charge or suppress evidence was limited to the credibility of the deputy's testimony. Thus, we will not consider Zink's argument regarding the reasonableness of either the traffic stop or the deputy's pursuit of Zink's car. We limit our review of the district court's denial of Zink's suppression motion to consideration of the competency and credibility of the evidence concerning the deputy's testimony. *See State v. Mohl,* 2010 ND 120, ¶ 5, 784 N.W.2d 128 (quoting *State v. Wolfer,* 2010 ND 63, ¶ 5, 780 N.W.2d 650).

## III.

[¶ 9] Zink claimed the deputy gave false testimony at the DOT suspension hearing about how close he was to Zink's car when he observed the traffic violation. Specifically, he asserted the inconsistency between the deputy's testimony at the DOT hearing, where the deputy estimated he was 10 to 15 feet from Zink's car, and his testimony at the suppression hearing, where the deputy stated he could have been 50 to 75 yards from Zink's car, amounted to perjury.

[¶ 10] "A person is guilty of perjury, a class C felony, if, in an official proceeding, he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a false statement previously made, when the statement is material and he does not believe it to be true." N.D.C.C. § 12.1–11–01. Zink's claim of perjury is inappropriate because perjury is a criminal offense to be charged and prosecuted by the State. The record does not indicate the State has charged the deputy with perjury. Therefore, the only issue properly before us is the credibility and competence of the deputy's testimony as relied upon by the district court.

[¶ 11] We have repeatedly provided that we defer to the district court's findings of fact and resolve conflicts of testimony in favor of affirmance. *E.g., City of Bismarck v. Bullinger,* 2010 ND 15, ¶ 7, 777 N.W.2d 904 (quoting *State v. Johnson,*

2009 ND 167, ¶ 6, 772 N.W.2d 591). At the DOT hearing, the deputy estimated he was 10 to 15 feet from Zink's car when he observed the traffic violation. At the suppression hearing, he corrected this estimation by testifying he was likely 50 to 75 yards from Zink's car when he observed the traffic violation. But the district court expressly considered this conflict, and concluded it did not require dismissal of the charge or suppression of the deputy's testimony: "Even though Deputy Braun's testimony at the administrative hearing was not accurate, Zink did concede that Deputy Braun did see a traffic violation by Zink prior to stopping Zink." The district court considered the deputy's testimony and determined his estimate and his subsequent correction to be credible. We conclude there is sufficient competent evidence to support the district court's decision to deny Zink's motion to dismiss the charge or suppress evidence.

[¶ 12]   The judgment of conviction is affirmed.

[¶ 13]   CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.