Filed 1/12/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 11

State of North Dakota, Plaintiff and Appellee

v.

James Thompson, Defendant and Appellant

Nos. 20100175 & 20100176

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Robert O. Wefald, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Jackson John Lofgren, Assistant State’s Attorney, Morton County Courthouse, 210 2nd Avenue NW, Mandan, ND 58554, for plaintiff and appellee.

Robert Nicholas Quick, 314 East Thayer, Suite 200, Bismarck, ND 58501, for defendant and appellant.

State v. Thompson

Nos. 20100175 & 20100176

Crothers, Justice.

[¶1] James R. Thompson appeals the district court’s judgment entered after his conditional plea of guilty to the charges of driving under the influence of an intoxicating liquor and driving under suspension.  We reverse and remand. 

I

[¶2] Around two a.m., on December 19, 2009, Mandan Police Officer Dan Poppe observed a white vehicle traveling 5-10 miles per hour under the 35 miles per hour speed limit.  Officer Poppe followed the vehicle and saw it drive into the National Information Solutions Cooperative (“NISC”) parking lot.  Officer Poppe became suspicious because approximately a month before, the police department received an extra patrol request from NISC regarding suspicious activity in the parking lot, occurring in the early morning hours and involving a white or light colored vehicle.

[¶3] Officer Poppe followed the car as it drove slowly around the parking lot to the back of the building and pulled into a parking spot.  Officer Poppe stopped directly behind the car and activated his patrol car’s emergency lights when he saw the car’s reverse lights come on.  The emergency lights were activated about a second after Thompson’s car stopped moving.  Officer Poppe approached the car and while talking to the driver detected the odor of alcohol.  Thompson was subsequently arrested for driving under the influence and for driving under suspension. 

[¶4] On December 21, 2009, a complaint was filed charging Thompson with driving under the influence and driving under suspension.  Thompson pled not guilty, and a trial date was set.  Thompson moved to suppress the evidence obtained from the law enforcement encounter asserting he had been illegally stopped.  The State resisted Thompson’s motion, and a hearing was held.  The district court denied Thompson’s motion stating:

“I don’t think the officer stopped him.  He stopped himself.  The officer did not turn his lights on until he saw the man stop.  Now I think that there is no stop here.  I think that what the evidence is is that the officer approached and to ask questions.  I think you can do that legally without having a constitutional problem of the Fourth Amendment, so I don’t think the facts are that he actually stopped him.”

[¶5] Thompson filed a N.D.R.Crim.P. 11 guilty plea, and judgment was entered on August 31, 2010.  Thompson timely appealed.

II

[¶6] Thompson argues the district court erred by denying his motion to suppress the evidence because he was illegally seized.  The State argues Thompson failed to present sufficient evidence showing he was seized.

[¶7] “A person alleging a violation of Fourth Amendment rights has the initial burden of establishing a prima facie case of illegal seizure.”  
City of Mandan v. Gerhardt
, 2010 ND 112, ¶ 7, 783 N.W.2d 818.  Once a prima facie case is established, the burden shifts to the state to justify its actions.  
Id.
  When reviewing a district court’s decision on a motion to suppress, we have stated:

“[T]his Court defers to the district court’s findings of fact and resolves conflicts in testimony in favor of affirmance.  This Court will affirm a district court decision regarding a motion to suppress if there is sufficient competent evidence fairly capable of supporting the district court’s findings, and the decision is not contrary to the manifest weight of the evidence.  Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.”

City of Bismarck v. Bullinger
, 2010 ND 15, ¶ 7, 777 N.W.2d 904 (quoting 
State v. Johnson
, 2009 ND 167, ¶ 6, 772 N.W.2d 591).

[¶8] The district court denied Thompson’s motion to suppress, finding Officer Poppe did not stop Thompson.  The Fourth Amendment of the United States Constitution and Article I, Section 8 of the North Dakota Constitution require all searches and seizures to be reasonable.  
State v. Mohl
, 2010 ND 120, ¶ 7, 784 N.W.2d 128.  A traffic stop can constitute a seizure under the Fourth Amendment.  
State v. Addai
, 2010 ND 29, ¶ 17, 778 N.W.2d 555.  “However, not all encounters between law enforcement officers and citizens constitute ‘seizures.’”  
Abernathey v. Dep’t of Transp.
, 2009 ND 122, ¶ 8, 768 N.W.2d 485.  “[I]t is not a seizure for an officer to walk up to and talk to a person in a public place.”  
Gerhardt
, 2010 ND 112, ¶ 8, 783 N.W.2d 818 (quoting 
City of Jamestown v. Jerome
, 2002 ND 34, ¶ 5, 639 N.W.2d 478).  This extends to “[a] law enforcement officer’s ‘approach [of] a parked vehicle . . . if the officer inquires of the occupant in a conversational manner, does not order the person to do something, and does not demand a response.’”  
Abernathey
, 2009 ND 122, ¶ 8, 768 N.W.2d 485 (quoting 
State v. Langseth
, 492 N.W.2d 298, 300 (N.D. 1992)).

[¶9] “A seizure occurs . . . when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen.”  
Richter v. N.D. Dep’t of Transp.
, 2010 ND 150, ¶ 10, 786 N.W.2d 716 (quotation omitted).  “[A] person has been ‘seized’ within the meaning of the Fourth Amendment only if . . . a reasonable person would have believed that he was not free to leave.”  
Id.
 (quotations omitted).  In 
State v. Steffes
, we stated:

“When analyzing if a seizure has occurred, the Court looks at whether there was the ‘threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer’s request might be compelled.’”  

2010 ND 232, ¶ 8, 791 N.W.2d 633 (quoting 
Richter
, at ¶ 15).

[¶10] Here, Thompson drove his car into a parking spot.  Officer Poppe parked the police car behind Thompson’s car and turned on the police car’s emergency lights.  The State conceded the police car was close enough to Thompson’s car that Officer Poppe may have turned on the emergency lights to prevent Thompson from backing into the police car.  We conclude Thompson was seized because a reasonable person would not believe he is free to leave when a police car is parked directly behind him with the police car’s emergency lights activated.  The district court erred by finding Thompson was not stopped.

[¶11] Thompson asserts he was seized without reasonable and articulable suspicion.  The State urges us to find reasonable and articulable suspicion for the seizure existed.  The district court did not address this issue, and we decline the invitation to decide this question in the first instance.

III

[¶12] The district court’s judgment is reversed and remanded for further proceedings.

[¶13] Daniel J. Crothers

Carol Ronning Kapsner

Mary Muehlen Maring

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.

VandeWalle, Chief Justice, concurring.

[¶14] 
I concur with and have signed the opinion authored for the Court by Justice Crothers.  I write separately to urge the trial courts to decide, when the issue is raised, whether there was reasonable or articulable suspicion to seize a person even when the court decides there was no seizure in the first instance.  
Cf.
 Rule 50, N.D.R.Civ.P. (when trial court grants a motion for judgment as a matter of law, court shall also rule on any motion for a new trial by determining whether it should be granted if the judgment is thereafter reversed).
  This procedure will prevent a remand in those instances in which this Court disagrees with the trial court’s decision that a seizure did not occur.

[¶15] Gerald W. VandeWalle, C.J.