Filed 9/15/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 187

City of Dickinson, Plaintiff and Appellant

v.

Lola Beth Hewson, Defendant and Appellee

No. 20110018

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Rhonda Rae Ehlis, City Attorney, P.O. Box 130, Dickinson, N.D. 58602-0130, for plaintiff and appellant.

Mary Elizabeth Nordsven, P.O. Box 570, Dickinson, N.D. 58602-0570, for defendant and appellee.

City of Dickinson v. Hewson

No. 20110018

VandeWalle, Chief Justice.

[¶1] The City of Dickinson (“City”) appealed from a district court order granting Lola Hewson’s motion to suppress evidence obtained after a law enforcement officer stopped her vehicle.  We conclude the officer had a reasonable and articulable suspicion to stop Hewson’s vehicle, and we reverse and remand for further proceedings.

I

[¶2] In August 2010, Rodney Hewson called 911 sometime after midnight to report that his wife, Lola Hewson, had left their residence after he had tried to prevent her from leaving.  Rodney Hewson told the dispatcher that Lola Hewson had been drinking “big time,” was intoxicated, and had nearly hit him with her vehicle as she backed up to leave.  Rodney Hewson described the vehicle as a red Oldsmobile LLC and reported the direction she was traveling.  Rodney Hewson told the dispatcher that they had better catch her before she kills herself or someone else.

[¶3] The dispatcher sent a Dickinson police officer to Rodney Hewson’s residential address to speak to him.  The dispatcher told the officer that Rodney Hewson’s wife had left northbound from the residence in a red Oldsmobile and was intoxicated.  The dispatcher told the officer that Rodney Hewson had tried to stop his wife from leaving, but that she had backed up and had almost run over him.  The dispatcher also told the officer that Rodney Hewson was very belligerent during the call.

[¶4] On the way to Rodney Hewson’s residence, the officer saw a red Oldsmobile.  The officer proceeded to follow the vehicle until he was close enough to read the license plate.  The officer relayed the plate number to dispatch and received information that the vehicle was registered to a “Lola” with a different last name, but with the same address provided by Rodney Hewson.  The officer then initiated a traffic stop.  Lola Hewson was subsequently arrested and charged with driving under the influence of alcohol.  

[¶5] Before trial, Lola Hewson moved the district court to suppress the evidence from the traffic stop, arguing the stop violated her constitutional rights.  After a hearing, the court granted Lola Hewson’s motion to suppress, concluding the officer’s stop was not justified under the circumstances.

II

[¶6] Our standard of review of a district court’s decision on a motion to suppress evidence is well-established:

When reviewing a district court’s ruling on a motion to suppress, we defer to the district court’s findings of fact and resolve conflicts in testimony in favor of affirmance.  We affirm the district court’s decision unless we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence.

 

State v. Zink
, 2010 ND 230, ¶ 5, 791 N.W.2d 161 (quotations omitted).  “Although the underlying factual disputes are findings of fact, whether the findings meet a legal standard, in this instance a reasonable and articulable suspicion, is a question of law.”  
State v. Wolfer
, 2010 ND 63, ¶ 5, 780 N.W.2d 650 (quotations omitted).  Because questions of law are fully reviewable, whether the facts support a reasonable and articulable suspicion is fully reviewable on appeal.  
Id.

III

[¶7] The City argues the law enforcement officer had a reasonable and articulable suspicion to stop Lola Hewson’s vehicle.

[¶8] Generally, a law enforcement officer must have a reasonable and articulable suspicion that a motorist has violated or is violating the law to justify stopping a moving vehicle for investigation.  
Gabel v. North Dakota Dep’t of Transp.
, 2006 ND 178, ¶ 9, 720 N.W.2d 433; 
City of Fargo v. Ovind
, 1998 ND 69, ¶ 8, 575 N.W.2d 901.  “Whether an officer had a reasonable and articulable suspicion is a fact-specific inquiry that ‘is evaluated under an objective standard considering the totality of the circumstances.’”  
Wolfer
, 2010 ND 63, ¶ 6, 780 N.W.2d 650 (quoting 
Gabel
, at ¶ 9).

[¶9] We have discussed three situations that provide a law enforcement officer with reasonable and articulable suspicion to stop a vehicle:  (1) when the officer relied upon a directive or request for action from another officer; (2) when the officer received tips from other police officers or informants, which were then corroborated by the officer’s own observations; and (3) when the officer directly observed illegal activity.  
Anderson v. Director, North Dakota Dep’t of Transp.
, 2005 ND 97, ¶ 9, 696 N.W.2d 918; 
In re T.J.K.
, 1999 ND 152, ¶ 8, 598 N.W.2d 781.  We have also provided the framework to determine whether an informant’s tip is sufficiently reliable to raise a reasonable suspicion without the officer’s corroboration: 

“Information from a tip may provide the factual basis for a stop.  
State v. Neis
, 469 N.W.2d 568 (N.D. 1991).  In evaluating the factual basis for a stop, we consider the totality of the circumstances.  
E.g.
, 
Geiger v. Backes
, 444 N.W.2d 692 (N.D. 1989).  This includes the quantity, or content, and quality, or degree of reliability, of the information available to the officer.  
Alabama v. White
, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990).  Although the totality-of-the-

circumstances approach makes categorization difficult, our cases involving reasonable suspicion arising from an informant’s tip demonstrate the inverse relationship between quantity and quality, and may be analyzed generally according to the type of tip and, hence, its reliability.  As a general rule, the lesser the quality or reliability of the tip, the greater the quantity of information required to raise a reasonable suspicion.  
Id.
 at 330, 110 S.Ct. at 2416.”

 

Anderson
, 2005 ND 97, ¶ 10, 696 N.W.2d 918 (quoting 
State v. Miller
, 510 N.W.2d 638, 640 (N.D. 1994)).  

[¶10] “Information from an informant whose identity is easily ascertainable has a higher indicia of reliability than information obtained from a purely anonymous informant.”  
Anderson
, at ¶ 15; 
see also
 
State v. Ebel
, 2006 ND 212, ¶ 15, 723 N.W.2d 375 (“Citizen informants are presumed to be a reliable source of information.”).  We have previously discussed the presumption of reliability afforded “citizen informants”:

A citizen informant is “‘someone who volunteer[s] information, [does] not want anything in return for the information, and [is] not at risk or in fear of going to jail.’”  
State v. Roth
, 2004 ND 23, ¶ 10, 674 N.W.2d 495 (quoting 
State v. Rangeloff
, 1998 ND 135, ¶ 4 n.3, 580 N.W.2d 593).  Information provided by a citizen informant is presumed reliable. 
Id.

 

State v. Anderson
, 2006 ND 44, ¶ 15, 710 N.W.2d 392.  “Just as reliability of an informant is an important consideration for a probable cause determination, it is also relevant in the reasonable suspicion analy[sis], ‘although allowance must be made in applying them for the lesser showing required to meet that standard.’”  
State v. Fields
, 2003 ND 81, ¶ 18, 662 N.W.2d 242 (quoting 
Alabama v. White
, 496 U.S. 325, 328-29 (1990)). 

[¶11] Here, the informant is Lola Hewson’s husband who provided his home address to the dispatcher, which presumes a higher indicia of reliability than a purely anonymous tip from an unknown source or someone from the “criminal milieu.”  The dispatcher relayed both the name and the address of the informant to the law enforcement officer.  Rodney Hewson reported that his wife had almost run him over with her car and that she was intoxicated.  He provided the specific description of her vehicle, a red Oldsmobile, to the dispatcher, which was relayed to the officer.  The officer was then sent to the address provided by Rodney Hewson for further investigation.  While en route, the officer observed a vehicle matching the description given by Rodney Hewson and verified the information he previously received by observing the license and radioing dispatch.  Although the vehicle registration was not for a person named “Hewson,” the vehicle was registered to a person named “Lola” with the same address as Rodney Hewson.  

[¶12] Lola Hewson contends the officer should have observed some additional driving violation or behavior providing a reasonable and articulable suspicion that she was driving while under the influence.  Indeed, the officer testified at the hearing that he did not observe any traffic violations or erratic driving before initiating the stop.  Nonetheless, the officer had already received information that a vehicle matching the description of Lola Hewson’s vehicle had almost run over Rodney Hewson.

[¶13] Rather than immediately stopping the red Oldsmobile, the officer engaged in further investigation by checking the license plate number and verifying the car was connected to the Hewson residence.  Regardless of Rodney Hewson’s disposition or motivation, the officer was investigating more than merely an anonymous tip, but rather a fact-specific report from an identified individual received sometime after midnight, stating that Lola Hewson was intoxicated and had almost run over him.  The officer had more than a “mere hunch” that criminal activity was afoot, justifying a stop of the red Oldsmobile for further investigation.  
“‘Probabilities, not hard certainties, are used in determining reasonable suspicion.’”  
City of Mandan v. Gerhardt
, 2010 ND 112, ¶ 21, 783 N.W.2d 818 (quoting 
State v. Decoteau
, 2004 ND 139, ¶ 13, 681 N.W.2d 803).

[¶14] We conclude that, under the totality of the circumstances, Rodney Hewson’s report to the dispatcher and the information subsequently relayed to the law enforcement officer, which the officer further investigated, provided a reasonable and articulable suspicion to justify the stop of Lola Hewson’s vehicle.  The quality and quantity of information available to the officer provided reasonable and articulable suspicion and the officer did not need to observe impaired driving.  We therefore conclude the district court erred in suppressing the evidence obtained after the vehicle stop.

IV

[¶15] We reverse the district court order suppressing evidence from the traffic stop and remand for further proceedings.

[¶16] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner