2014 ND 224

**STATE of North Dakota, Plaintiff and Appellee**

v.

**James Wayne NAGEL, Defendant and Appellant.**

**No. 20140179.**

Supreme Court of North Dakota.

Dec. 18, 2014.

Patricia L. Wilson, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Daniel J. Borgen, ·Bismarck, ND, for defendant and appellant.

McEVERS, Justice.

[¶ 1]   James Nagel appeals from a criminal judgment entered on a conditional plea of guilty. to driving under the influence of intoxicating liquor, reserving his right to appeal the district court's denial of his motion to suppress evidence.   Nagel argues all evidence obtained after the administration of his pre-arrest onsite screening test should be suppressed because he did not voluntarily consent to the test.   Because there is sufficient competent evidence to support the district court's decision that Nagel voluntarily consented to the pre-arrest onsite screening test, the court did not err in denying his motion to suppress evidence.   We affirm the judgment.

I

[¶ 2]   On December 22, 2013, a Burleigh County deputy sheriff received a call about

a hit and run, informing him of the license plate number of the suspected vehicle and the registered address associated with the vehicle's owner. The deputy drove to the residence of the owner of the suspected vehicle. On the way to the residence, the deputy observed a single set of tire tracks in the fresh snow that crossed the lane lines and lead to the residence. Upon arriving, the deputy knocked on the door and an individual, later identified as Nagel, answered the door. Nagel permitted the deputy to inspect his vehicle, which was located in the garage. The deputy observed the damage to the vehicle was consistent with the hit and run accident. During the conversation, the deputy smelled a strong odor of an alcoholic beverage coming from Nagel and noticed Nagel's eyes were bloodshot and his speech was slurred. There was no dispute that Nagel had driven his vehicle that evening. Additionally, Nagel admitted he had been drinking that evening, but denied drinking after returning home.

[¶ 3] Nagel elected not to complete field sobriety testing. Nagel initially refused to take the pre-arrest onsite screening test. After the deputy read Nagel the implied consent advisory, Nagel agreed to take a pre-arrest onsite screening test. The result of the test was .198 percent alcohol concentration. The deputy then arrested Nagel for driving under the influence. The deputy read Nagel the implied consent advisory again and Nagel agreed to take an Intoxilyzer breath test. Nagel moved to suppress the results of the breath tests because he alleged they were obtained without a warrant and without an exception to the warrant requirement, in violation of U.S. Const. amend. IV and N.D. Const. art. I, § 8. Nagel requested a hearing on his motion to suppress evidence. On April 30, 2014, a hearing was held, and the district court denied Nagel's motion to suppress evidence, finding:

Operation of a motor vehicle is a privilege, not a right; and with that privilege comes certain requirements. One of those is to understand that if a law enforcement officer makes a request, you're required to consent; and if you don't do that, there are consequences for that consent, albeit very difficult consequences for a person to have to decide. Still, the person has the choice not to consent.

I don't find anything in this case out of the ordinary that indicates that he wasn't adequately advised by the law enforcement officer as to what the status of the law was. He was given an opportunity to decline to provide that sample. He didn't decline to provide that sample; and he consented to both the initial field sobriety on-site screening device, as well as a subsequent breath test via the Intoxilyzer. So I am going to deny your motion to suppress.

Nagel entered a conditional plea of guilty under N.D.R.Crim.P. 11(a)(2) to driving under the influence of intoxicating liquor in violation of N.D.C.C. § 39–08–01, reserving the right to appeal the court's denial of his suppression motion. The district court accepted Nagel's conditional plea of guilty, and Nagel appealed.

[¶ 4] On appeal, Nagel argues the results of both the preliminary breath test and the Intoxilyzer test should have been suppressed as illegally acquired evidence, because the pre-arrest onsite screening test qualified as a warrantless and unreasonable search under U.S. Const. amend. IV and N.D. Const. art. I, § 8. Nagel conceded at oral argument that our holding in *State v. Smith*, 2014 ND 152, 849 N.W.2d 599, decided after the motion to suppress, applies to the suppression of the Intoxilyzer test results and, under the facts of this case, his argument is without

merit and will not be further addressed. However, Nagel contends the pre-arrest onsite screening test should be treated differently than a post-arrest chemical test, as it is a pre-arrest screening tool used to establish probable cause. As a result, Nagel contends, because the deputy did not have probable cause, before administering the onsite screening test, it was an unreasonable and warrantless search. The State argues this Court should not consider Nagel's argument, that pre-arrest chemical tests should be distinguished from post-arrest chemical tests, because he did not properly raise it before the district court.

## II

■■■ [¶ 5]. The applicable standard of review of a district court's decision to grant or deny a motion to suppress evidence is well established.

> When reviewing a district court's ruling on a motion to suppress, we defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. We affirm the district court's decision unless we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence.

> Whether a finding of fact meets a legal standard is a question of law, which is fully reviewable on appeal. The existence of consent is a question of fact to be determined from the totality of the circumstances. Whether consent is voluntary is generally decided from the totality of the circumstances. Our standard of review for a claimed violation of a constitutional right is de novo.

*Smith*, 2014 ND 152, ¶ 4, 849 N.W.2d 599 (citations omitted) (quotation marks omitted).

## III

[¶ 6] Nagel argues the implied consent advisory given under N.D.C.C. § 39–20–14(3), which informed him refusal to take the screening test is a crime, coerced him into taking the onsite screening test, after he had initially refused field sobriety testing; therefore, his consent was not voluntary under the totality of the circumstances. Accordingly, Nagel argues all evidence obtained after the pre-arrest onsite screening test should be suppressed as illegally acquired evidence or "fruit of the poisonous tree." *See State v. Torkelsen*, 2008 ND 141, ¶ 23, 752 N.W.2d 640. In support of his argument, Nagel contends we should treat pre-arrest onsite screening tests differently from chemical tests administered after arrest. Specifically, he asserts pre-arrest onsite screening tests are different because a law enforcement officer uses the onsite screening test to establish probable cause, when there is not yet probable cause to arrest. Nagel does not allege coercive circumstances, other than being informed of the penalties under N.D.C.C. § 39–20–14(3).

■■■ [¶ 7] The State argues Nagel did not properly raise his argument that a pre-arrest onsite screening test should be treated differently than a post-arrest chemical test. We disagree. "Our review is limited to issues raised before the district court." *State v. Zink*, 2010 ND 230, ¶ 6, 791 N.W.2d 161; *see also Hoster v. Hoster*, 216 N.W.2d 698, 702 (N.D.1974) ("An issue . . . not raised or considered in the trial court cannot be considered for the first time on appeal."). Nagel did not specifically refer to the onsite screening test or the Intoxilyzer test in his motion to suppress evidence and accompanying brief, when he stated he was "mov[ing] this court to suppress all of the evidence gained from an illegal chemical test." However, in his closing argument at the hearing on his

motion to suppress evidence, Nagel unambiguously argued the evidence gained after his onsite screening test should be suppressed because he only consented to the test after being informed of the threat of criminal prosecution, if he refused. As such, we conclude Nagel sufficiently raised this argument below.

[¶ 8] "Unreasonable searches and seizures are prohibited by the Fourth Amendment of the United States Constitution, made applicable to the states under the Fourteenth Amendment, and by Article I, Section 8, of the North Dakota Constitution." *City of Fargo v. Wonder*, 2002 ND 142, ¶ 18, 651 N.W.2d 665. The administration of a blood or breath test to determine blood alcohol concentration qualifies as a search. *Id.* at ¶ 19; *Skinner v. Railway Labor Execs.' Ass'n*, 489 U.S. 602, 616–17, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989). "Warrantless searches are unreasonable unless they fall within one of the recognized exceptions to the warrant requirement." *Wonder*, at ¶ 18. One such exception to the warrant requirement is consent. *Id.* at ¶ 20. "To be effective, consent must be voluntarily given under the totality of the circumstances and must not be coerced by explicit or implicit means or by implied threat or covert force." *Hoover v. Director, N.D. Dep't of Transp.*, 2008 ND 87, ¶ 15, 748 N.W.2d 730 (quotation marks omitted).

[¶ 9] Under N.D.C.C. § 39–20–14(1), "[a]ny individual who operates a motor vehicle upon the public highways of this state is deemed to have given consent to submit to an onsite screening test or tests of the individual's breath...." A law enforcement officer may request an onsite screening test of an individual's breath for the purpose of estimating alcohol concentration if there is reason to believe "[ (1) ] the individual committed a moving traffic violation or was involved in a traffic acci-

dent as a driver, and [ (2) ] in conjunction with the violation or the accident, the officer has, through the officer's observations, formulated an opinion that the individual's body contains alcohol." *Id.* Under N.D.C.C. § 39–20–14(3), a law enforcement officer must inform the individual suspected of driving under the influence "that refusal to take the screening test is a crime, and that refusal of the individual to submit to a screening test may result in a revocation for at least one hundred eighty days and up to three years of that individual's driving privileges."

[¶ 10] Nagel concedes the statutory requirements were met for the deputy to request the pre-arrest onsite screening test. Nagel argues his initial refusal to take the onsite screening test followed by submission to the test, shows he was coerced to take the test by the implied consent advisory. During cross-examination, the deputy testified:

Q: Deputy ..., when you first asked Mr. Nagel if he would take any tests, his response was he didn't want to take any test; is that right?

A: I asked him if he wanted to do the field tests, and he asked me if he had to.

Q: Okay. And you told him no?

A: I told him he did not have to do those tests.

Q: And at that time he said he did not wish to do any tests, right?

A: I don't know his exact words, but he told me he didn't want to do the test, which I took as the field test.

Q: Do you remember there was an administrative hearing in this case?

A: There was.

. . . .

Q: If I showed you a transcript of that administrative hearing, would that

refresh your memory as to what Mr. Nagel had told you at that time?

A: Yes, sir, it would.

. . . .

Q: If you could just read lines 18 to 20 to yourself just to refresh your memory. After reading that, would you agree that before the implied consent was read, Mr. Nagel refused to do any tests?

A: With what I read there, I did make the statement that I said he wouldn't do any tests, yes, sir.

Q: And then you read him the implied consent?

A: Correct.

. . . .

Q: And so you informed him that refusal to submit to this test would be a crime punishable the same as driving under the influence?

A: Correct.

Q: Okay. And then he consented after being told it was a crime to not do it; is that right?

A: Yes, sir.

[¶ 11] Although Nagel initially refused field sobriety testing, he later agreed to take the onsite screening test, after the deputy read him the implied consent advisory. We have repeatedly recognized that a driver, who has previously refused a chemical test, can change his mind and cure the prior refusal, by consenting. *See State v. Fetch*, 2014 ND 195, ¶ 8, 855 N.W.2d 389; *Maisey v. N.D. Dep't of Transp.*, 2009 ND 191, ¶ 24, 775 N.W.2d 200; *Grosgebauer v. N.D. Dep't of Transp.*, 2008 ND 75, ¶ 13, 747 N.W.2d 510; *Lund v. Hjelle*, 224 N.W.2d 552, 557 (N.D.1974). Regardless of whether Nagel's initial refusal to consent to field sobriety testing included the onsite screening test, there is no dispute that Nagel eventually agreed to take the onsite screening test. Accordingly, we conclude Nagel cured his prior refusal, by consenting to take the onsite screening test, after being read the implied consent advisory.

[¶ 12] The next question is whether the consent was voluntary. This Court has previously determined, in the context of post-arrest chemical tests, that the state's implied consent statute, which criminalizes refusal, is not coercive merely by the reading of the advisory. N.D.C.C. § 39–20–01; *Smith*, 2014 ND 152, ¶ 16, 849 N.W.2d 599; *McCoy v. N.D. Dep't of Transp.*, 2014 ND 119, ¶ 24, 848 N.W.2d 659. We conclude there is no logical difference between being advised of the consequences of refusal of a pre-arrest onsite screening test and a post-arrest chemical test in terms of determining voluntariness of consent. If anything, the advisory given prior to arrest may be less suspect of coercion, because the subject would not be in custody. *See Smith*, at ¶ 19. As a result, we find no reason to conclude the reading of the implied consent statute is coercive in the context of pre-arrest onsite screening tests and decline Nagel's invitation to do so.

### IV

[¶ 13] Because there is sufficient competent evidence to support the district court's decision that Nagel voluntarily consented to the pre-arrest onsite screening test, the court did not err in denying his motion to suppress evidence. We affirm the judgment.

[¶ 14] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM and DANIEL J. CROTHERS, JJ., concur.