2016 ND 68

**STATE of North Dakota, Plaintiff and Appellee**

**v.**

**Bo Tyler JAMES, Defendant and Appellant.**

**No. 20150111.**

Supreme Court of North Dakota.

March 15, 2016.

Charles B. Neff, McKenzie County Assistant State's Attorney, Watford City, N.D., for plaintiff and appellee.

Tatum O. Lindbo, Fargo, N.D., for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Bo James appeals from a judgment entered after the district court denied his motion to suppress evidence and he conditionally pled guilty to driving under the influence. We conclude sufficient evidence established reasonable and articulable suspicion to stop James's vehicle. We affirm.

## I

[¶ 2] On June 9, 2014, at about 2 a.m., Sergeant Ficken was on duty in Watford City. Ficken heard a semitruck continuously honking or blowing its horn. When he looked in the direction of the sound, he observed a Dodge pickup pulling a stock trailer traveling westbound in front of the semitruck. Ficken stopped the truck to investigate. The truck driver reported to Ficken that the pickup driver cut him off and was possibly drunk. Ficken testified he called Deputy Travis Bateman via radio, "notified him of the incident," and told him to be on the lookout for a Dodge pickup pulling a stock trailer westbound on Highway 85 outside of Watford City.

[¶ 3] Ten to fifteen minutes later, Bateman told Ficken he located the vehicle and stopped it in the Arnegard area. Ficken testified that there was very light traffic and it would take ten to fifteen minutes to get from Watford City to where the stop occurred. According to Bateman's report, Bateman observed the stock trailer drifting left and right, and striking the center and fog lines of the roadway. He stopped James's vehicle after it passed through a construction zone. The stopped vehicle was a Dodge pickup pulling a stock trailer.

[¶ 4] James was charged with driving under the influence. He moved to suppress evidence, contending law enforcement officers conducted a traffic stop without reasonable and articulable suspicion or other justification in violation of the Fourth Amendment. The district court denied the motion and James entered a conditional guilty plea under N.D.R.Crim.P. 11(a)(2), reserving his right to appeal the order denying his motion to suppress.

## II

[¶ 5] Our standard of review for a district court's decision on a motion to suppress evidence is well established:

"When reviewing a district court's ruling on a motion to suppress, we defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. We affirm the district court's decision unless we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence."

*City of Dickinson v. Hewson,* 2011 ND 187, ¶ 6, 803 N.W.2d 814 (quoting *State v. Zink,* 2010 ND 230, ¶ 5, 791 N.W.2d 161). While the underlying factual disputes are findings of fact, whether the findings support a reasonable and articulable suspicion presents a question of law which is fully reviewable on appeal. *See Hewson,* at ¶ 6 (citing *State v. Wolfer,* 2010 ND 63, ¶ 5, 780 N.W.2d 650).

### III

[¶ 6] James argues the district court erred in denying his motion to suppress because insufficient competent evidence established the investigating officers had reasonable and articulable suspicion to stop his vehicle.

[¶ 7] "Under the Fourth Amendment of the United States Constitution, police may, in appropriate circumstances and in an appropriate manner, detain an individual for investigative purposes when there is no probable cause to make an arrest if a reasonable and articulable suspicion exists that criminal activity is afoot." *Anderson v. Dir., N.D. Dep't of Transp.,* 2005 ND 97, ¶ 8, 696 N.W.2d 918 (citing *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). To justify stopping a moving vehicle for investigation, law enforcement must have a reasonable and articulable suspicion a motorist has violated or is violating the law. *Hewson,* 2011 ND 187, ¶ 8, 803 N.W.2d 814. "Whether an officer had a reason-

able and articulable suspicion is a fact-specific inquiry that 'is evaluated under an objective standard considering the totality of the circumstances.' " *Id.* (quoting *Wolfer,* 2010 ND 63, ¶ 6, 780 N.W.2d 650). "The ultimate issue is whether a reasonable person in the officer's position would have been justified in stopping the vehicle because of some objective manifestation to suspect potential criminal activity." *Interest of T.J.K.,* 1999 ND 152, ¶ 8, 598 N.W.2d 781 (citing *State v. Storbakken,* 552 N.W.2d 78, 80 (N.D.1996); *City of Grand Forks v. Egley,* 542 N.W.2d 104, 106 (N.D.1996); *Salter v. N.D. Dep't of Transp.,* 505 N.W.2d 111, 114 (N.D.1993)).

[¶ 8] "Traffic violations, even if pretextual, provide the requisite probable cause to conduct an investigatory vehicle stop." *State v. Bartelson,* 2005 ND 172, ¶ 8, 704 N.W.2d 824 (citing *State v. Loh,* 2000 ND 188, ¶ 10, 618 N.W.2d 477). "Under *Whren [v. United States,* 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) ], a police officer's subjective intentions in making a stop are not important as long as a traffic violation has occurred." *Bartelson,* at ¶ 8. In *T.J.K.,* 1999 ND 152, ¶ 9, 598 N.W.2d 781, this Court explained:

" 'It is well settled, traffic violations, even if considered common or minor, constitute prohibited conduct which provide officers with requisite suspicion for conducting investigatory stops.' *Zimmerman v. North Dakota Dep't of Transp.,* 543 N.W.2d 479, 482 (N.D. 1996); *see also City of Bismarck v. Glass,* 1998 ND APP 1, ¶ 12, 581 N.W.2d 474; *Storbakken,* 552 N.W.2d at 80 (citation omitted). Driving or weaving upon the wrong half of the roadway is a traffic violation under N.D.C.C. § 39–10–08(1). *See Zimmerman,* at 481–82 (deciding a reasoning mind could have concluded Zimmerman committed a traffic violation by crossing the center line out

of her lane of traffic); *State v. Vande-Hoven*, 388 N.W.2d 857, 859 (N.D.1986) (concluding weaving provided sufficient basis to create an articulable and reasonable suspicion VandeHoven was violating the law); *State v. Dorendorf*, 359 N.W.2d 115, 116–17 (N.D.1984) (concluding the officers had the requisite reasonable suspicion to stop Dorendorf after observing his vehicle weaving within its own lane of traffic). *But see Salter*, 505 N.W.2d at 113–14 (deciding an officer's observation of 'slight' or 'minimum' weaving was insufficient to serve as a valid basis for stopping Salter's vehicle)."

*See also* N.D.C.C. § 39–10–17(1) ("Whenever any roadway has been divided into two or more clearly marked lanes for traffic, . . . [a] vehicle must be driven as nearly as practicable entirely within a single lane and may not be moved from such lane until the driver has first ascertained that such movement can be made with safety.").

▮ [¶ 9] Although a vehicle's weaving characterized as "slight" or "minimum" does not justify a traffic stop, "[t]his Court has held in numerous cases that weaving within the lane, and never crossing the center or fog lines, coupled with other factors, has provided officers with reasonable and articulable suspicion to justify a traffic stop." *Pesanti v. N.D. Dep't of Transp.*, 2013 ND 210, ¶ 10, 839 N.W.2d 851. We have further explained that "[w]hile the braking vehicles, curving road and parked police vehicle are facts that go towards the practicability of staying entirely within a single lane, the validity of the investigatory stop turned on the officer's reasonable suspicion a law had been broken, not on 'whether the grounds for the stop [would] ultimately result in conviction.'" *Wolfer*, 2010 ND 63, ¶ 7, 780 N.W.2d 650 (quoting *State v. Smith*, 452 N.W.2d 86, 88 (N.D.1990)). *See also State*

*v. Mohl*, 2010 ND 120, ¶ 9, 784 N.W.2d 128 (officer with six years' experience observed vehicle weaving and touching the center and fog lines an unusual number of times at about 1:27 a.m.); *Hanson v. Dir., N.D. Dep't of Transp.*, 2003 ND 175, ¶ 16, 671 N.W.2d 780 (officer observed vehicle weaving on the roadway and crossing onto the dividing line twice).

▮ [¶ 10] At the suppression hearing in this case, the district court held reasonable suspicion existed to stop James's vehicle, explaining that:

> "considering all the facts, the time of the night, the vehicle description, and the fact that there's light traffic, and the weaving and swerving within the lane, striking the center and fog lines is a reason to pull Mr. James over. So, I will deny the motion to suppress. And while I agree it's not unusual to see a pickup driving a stock trailer around out here, at 2:00 a.m. with the facts we have here, it's a little more unusual. So, I think that the officers did have a reason to stop him."

[¶ 11] On this record, we agree with the district court and conclude a reasonable person in officer Bateman's position would be justified in stopping James's vehicle because of the objective manifestations to suspect the motorist has violated or is violating the law, *i.e.*, observing the stock trailer drifting left and right and striking the center and fog lines, coupled with the other factor of the early morning hour. Based on the totality of the circumstances, reasonable and articulable suspicion existed to stop James's pickup for further investigation.

## IV

[¶ 12] James contends we must view Bateman's stop as the product of a tip from the truck driver relayed to Bateman through Sergeant Ficken. James further

contends the truck driver's report to Ficken was "on the low end" of quantity, quality and reliability and that although the truck driver reported the pickup driver cut him off and was "possibly" drunk, he provided no basis for that contention. However, because reasonable and articulable suspicion warranting further investigation existed from Bateman's observations alone, it is unnecessary to analyze the quality and quantity of the truck driver's information that was communicated to Bateman from Ficken.

[¶ 13] We affirm, concluding sufficient evidence established reasonable and articulable suspicion to stop James's vehicle.

V

[¶ 14] The district court judgment is affirmed.

[¶ 15] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.