2017 ND 157

**STATE of North Dakota, Plaintiff
and Appellee**

v.

**Memory BELL, Defendant
and Appellant**

No. 20170046

Supreme Court of North Dakota.

Filed 6/29/2017

Jessica J. Binder, Mercer County State's Attorney, Stanton, ND, for plaintiff and appellee.

Kent M. Morrow, Bismarck, ND, for defendant and appellant.

VandeWalle, Chief Justice.

[¶ 1] Memory Bell appealed a district court's judgment after entering a conditional plea of guilty to the charges of possession of methamphetamine, possession of drug paraphernalia, and ingesting a controlled substance. Bell argues law enforcement impermissibly extended the traffic stop to allow enough time to have a drug-detecting dog come to the scene and perform a drug sniff. Because Bell failed to present evidence she was detained when officers performed the drug sniff, we affirm.

I.

[¶ 2] On October 19, 2016, law enforcement stopped a vehicle for failing to operate with headlights during the evening hours. Prior to initiating a traffic stop, Officer Benjamin Newman observed another vehicle attempt to signal the subject vehicle that its lights were off, but the vehicle did not engage its headlights. There were three people in the vehicle: the driver—Taisha Solvie, the defendant—Memory Bell, and a male passenger in the backseat. During the traffic stop, Solvie provided a false name to Officer Newman. Upon discovery of Solvie's true identity, Officer Newman found there was an outstanding warrant for her. Officer Newman also learned Solvie and the backseat passenger were on probation for controlled-substance offenses.

[¶ 3] Because of the headlight violation, Officer Newman decided to issue a written warning. While issuing the warning, Officer Newman requested the assistance of a drug-detecting dog, which arrived within five minutes of the request. Upon arriving at the traffic stop, the drug-detecting dog indicated on the vehicle. The vehicle was subsequently searched and methamphetamine and drug paraphernalia were found.

[¶ 4] Bell was charged with possession of methamphetamine, possession of drug paraphernalia and ingesting a controlled substance. Bell moved to suppress the evidence obtained through the search of the vehicle. The district court denied the motion.

[¶ 5] On appeal, Bell argues: (1) she was unreasonably detained beyond the time required for the initial traffic stop and (2) the officer did not have a reasonable suspicion of criminal activity to justify her continued detention.

II.

[¶ 6] In reviewing a district court's decision to grant or deny a motion to suppress:

This Court defers to the district court's findings of fact and resolves conflicts in testimony in favor of affirmance. This Court will affirm a district court decision regarding a motion to suppress if there is sufficient competent evidence fairly capable of supporting the district court's findings, and the decision is not contrary to the manifest weight of the evidence. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.

*State v. Nguyen*, 2013 ND 252, ¶ 7, 841 N.W.2d 676 (quoting *State v. Morin*, 2012 ND 75, ¶ 5, 815 N.W.2d 229).

[¶ 7] Bell argues that once Solvie was arrested and detained on her bench warrant, there was no reason to detain Bell any longer and thus, Bell was impermissibly seized under the Fourth Amendment.

[¶ 8] The Fourth Amendment of the United States Constitution and Art. I, § 8, of the North Dakota Constitution protect individuals against unreasonable searches and seizures. *State v. Hall*, 2017 ND 124, ¶ 16, 894 N.W.2d 836.

> During a valid traffic stop, an officer can temporarily detain the traffic violator at the scene of the violation. The duration of the investigatory detention may continue as long as reasonably necessary to conduct the officer's duties resulting from the traffic stop and to issue a warning or citation. When the original purpose of the traffic stop is complete, the officer must have a reasonable suspicion that criminal activity is afoot to continue the detention. Any further detention, without reasonable suspicion, violates the traffic offender's Fourth Amendment rights against unreasonable searches and seizures.

*State v. Adan*, 2016 ND 215, ¶ 11, 886 N.W.2d 841 (internal citations and quotations omitted). A detention occurs "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Richter v. N.D. Dep't of Transp.*, 2010 ND 150, ¶ 10, 786 N.W.2d 716 (citing *City of Jamestown v. Jerome*, 2002 ND 34, ¶ 5, 639 N.W.2d 478). "A person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Richter*, 2010 ND 150, ¶ 10, 786 N.W.2d 716.

[¶ 9] The present situation is similar to the facts in *State v. Aguilar*, 2011 ND 236, 809 N.W.2d 285. In *Aguilar*, the two defendants, Aguilar and Sanchez, were stuck in the snow when law enforcement approached them. *Id.* at ¶ 2. During a records search, law enforcement learned the driver, Aguilar, had a suspended license and subsequently placed him under arrest. *Id.* After Aguilar's arrest, law enforcement radioed for assistance and spoke with the passenger, Sanchez. *Id.* at ¶ 3. A record search of Sanchez showed he had a suspended license. *Id.* One of the other officers who responded brought a drug dog, which conducted a sniff on the exterior of the vehicle and alerted to the presence of a controlled substance. *Id.*

[¶ 10] Aguilar and Sanchez moved to suppress all evidence related to the traffic stop, arguing the sniff violated the Fourth Amendment. *Id.* at ¶ 5. In support of his argument, Aguilar relied on *State v. Fields*, 2003 ND 81, 662 N.W.2d 242. *Id.* at ¶ 12. However, we found *Fields* distinguishable:

> Aguilar's reliance on *Fields* is misplaced because Aguilar was arrested for the

traffic offense before [the officer] requested assistance. *Fields* applies when an individual who would otherwise be free to leave is detained due to a request for a drug detection dog. Aguilar's detention was not the result of a drug detection dog request. Aguilar concedes he was lawfully arrested for driving under suspension before [the officer] called for assistance. Aguilar was not illegally seized during the sniff because he was lawfully arrested before the additional officers were called to the scene.

*Id.* at ¶ 13.

[¶ 11] We were also unpersuaded by the argument for Sanchez, the passenger, reasoning:

> Sanchez relied on Aguilar's arguments at the suppression hearing and did not present any evidence that Sanchez was seized while [the officer] was waiting for additional officers to arrive.

> A Fourth Amendment seizure occurs "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Fields*, 2003 ND 81, ¶ 11, 662 N.W.2d 242 (quoting *State v. Koskela*, 329 N.W.2d 587, 589 (N.D. 1983)). At the district court suppression hearing, Sanchez presented no evidence that he was not free to leave before he was arrested, and nothing in the record suggests otherwise. The sniff did not violate Sanchez's right to be free from unreasonable seizures because Sanchez was not seized until after the sniff occurred.

*Id.* at ¶¶ 14–15.

[¶ 12] Here, Bell was detained as a passenger of Solvie's vehicle for the duration of the traffic stop. However, the traffic stop ended when Solvie was placed under arrest on her warrant. Bell presented no evidence at the suppression hearing showing she was not free to leave after Solvie's arrest and a review of the record does not suggest otherwise. Rather, Bell urges us to assume she was not free to leave; we refuse to do so. *Cf. Hammeren v. North Dakota State Highway Com'r*, 315 N.W.2d 679, 682 (N.D. 1982) (declining to assume the defendant was confused). Bell was not seized at the time of the dog's drug sniff and therefore, Bell's Fourth Amendment rights were not violated. The district court properly denied Bell's motion to suppress evidence.

### III.

[¶ 13] We affirm the district court's judgment.

[¶ 14] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers