# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 61

State of North Dakota,                                    Plaintiff and Appellee

v.

Dakota Alexandria Bee,                                 Defendant and Appellant

## No. 20200261

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Nickolas Baker, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee; submitted on brief.

Thomas J. Glass, Bismarck, N.D., for defendant and appellant; submitted on brief.

**Tufte, Justice.**

[¶1] Dakota Bee appeals from a criminal judgment entered on a conditional plea of guilty, reserving the right to appeal a district court order denying her motion to suppress evidence. On appeal, Bee argues the court erred in concluding that her Fourth Amendment rights were not violated when the officers entered her home. We reverse and remand to allow Bee to withdraw her guilty plea.

I

[¶2] Burleigh County Social Services (BCSS) contacted the Bismarck Police Department requesting assistance in removing a child from Bee's care. Officers accompanied BCSS social workers to Bee's residence and informed her that they were there to remove her child. Bee refused, backing up into the home, picking up the child, and then running towards the rear of the home. Officers pursued Bee through the home and out the back door. Fleeing out the back, Bee fell while holding the child, and officers separated her from the child. After Bee had been detained outside the residence, a social worker entered the residence to obtain personal belongings for the child, and an officer followed. Once the officer was inside, the social worker pointed out a glass smoking pipe. Bee was subsequently charged with Child Neglect; Possession of Methamphetamine; Possession of Drug Paraphernalia; and Refusal to Halt.

[¶3] Bee moved to suppress evidence resulting from the warrantless entry of her residence, arguing that the officers had acted without a warrant or applicable exception. In its response, the State argued that the officers were lawfully in the home acting in their regular course of duties to remove Bee's child from her home and thus the plain view exception to the warrant requirement applied. The district court found that the officers entered "the residence with BCSS to retrieve personal belongings for the child" after Bee had been detained and the child was in BCSS's custody. The court further found that the officers observed the glass smoking device on a shelf in plain

view. The court concluded the officers' actions did not violate Bee's Fourth Amendment rights. Bee entered a conditional plea of guilty under N.D.R.Crim.P. 11(a)(2), reserving her right to appeal from the denial of her motion to suppress.

II

[¶4]   This Court's standard for reviewing a district court's decision on a motion to suppress is well established:

> In reviewing a district court decision on a motion to suppress, we give deference to the district court's findings of fact and we resolve conflicts in testimony in favor of affirmance. We will not reverse a district court decision on a motion to suppress . . . if there is sufficient competent evidence capable of supporting the court's findings, and if the decision is not contrary to the manifest weight of the evidence. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.

*State v. Stewart*, 2014 ND 165, ¶ 11, 851 N.W.2d 153 (cleaned up). "Whether officers violated constitutional prohibitions against unreasonable searches and seizures is a question of law." *State v. Hollis*, 2019 ND 163, ¶ 10, 930 N.W.2d 171.

[¶5]   The Fourth Amendment to the United States Constitution and article I, § 8, of the North Dakota Constitution protect individuals "in their . . . houses . . . against unreasonable searches and seizures." *State v. Graf*, 2006 ND 196, ¶ 9, 721 N.W.2d 381 (citing *State v. DeCoteau*, 1999 ND 77, ¶ 7, 592 N.W.2d 579). Warrantless searches inside an individual's home are presumptively unreasonable. *State v. Komrosky*, 2019 ND 300, ¶ 11, 936 N.W.2d 82 (citing *Stewart*, 2014 ND 165, ¶ 12). But a warrantless search is not unreasonable if the search of the home falls under one of the exceptions to the warrant requirement. *Id.*

[¶6]   Bee claims the district court erred in denying her motion to suppress evidence seized during the search of her home. On appeal, the State concedes that the officers' second entry into Bee's residence, when a BCSS worker

2

pointed out the glass smoking pipe, constituted a warrantless search under the Fourth Amendment. The State further concedes the plain view exception to the warrant requirement cannot be applied here because the officer violated the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed. When no exception exists, "any evidence seized is inadmissible under the exclusionary rule and must be suppressed." *Graf*, 2006 ND 196, ¶ 9 (citing *State v. Mitzel*, 2004 ND 157, ¶ 12, 685 N.W.2d 120).

[¶7]   The State argues, however, that following the exclusionary rule in this case will not deter future Fourth Amendment violations because officers did not enter the residence intending to search. "A physical entry into a home is a chief evil against which the Fourth Amendment protects." *State v. Hart*, 2014 ND 4, ¶ 12, 841 N.W.2d 735. "In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Id.* (quoting *Payton v. New York*, 445 U.S. 573, 586 (1980)). Here, regardless of their intent, the officers violated the Fourth Amendment by crossing the threshold of the residence without a warrant. The State's argument that the officers were merely acting in the regular course of duty to assist social services is unavailing because the social workers are also bound by the Fourth Amendment. *See Andrews v. Hickman Cty.*, 700 F.3d 845, 859 (6th Cir. 2012) ("[A] social worker, like other state officers, is governed by the Fourth Amendment's warrant requirement."). The State has not provided persuasive reasoning or authority to avoid application of the exclusionary rule in these circumstances.

[¶8]   During the first entry to the residence, the officers observed nothing that Bee seeks to suppress. The second entry of the residence was justified only by a need to collect clothing and other personal items needed by the child. Because the search was concededly warrantless and no exception applies, Bee is entitled to claim the protection of the exclusionary rule. The district court erred by denying Bee's motion to suppress the results of the warrantless search.

## III

[¶9]   We reverse the district court's judgment and order denying Bee's motion to suppress and remand to allow Bee to withdraw her guilty plea.

[¶10]  Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte