# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 2

State of North Dakota,                    Plaintiff and Appellee

    v.

Kimberly Dawn Mogren,                    Defendant and Appellant

No. 20250266

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Gary H. Lee, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Kenessa R. Copeland, Assistant State's Attorney, Minot, N.D., for plaintiff and appellee; on brief.

Kyle R. Craig, Minot, N.D., for defendant and appellant; on brief.

**Tufte, Justice.**

[¶1]   Kimberly Mogren appeals from a criminal judgment entered after she conditionally pled guilty to Endangerment of a Child and Possession of a Controlled Substance. Mogren argues the district court erred in denying her motion to suppress. We affirm the judgment.

I

[¶2]   This appeal arises from a police search of a sunglasses case that had been previously found and opened in Mogren's home by a social worker employed by the Ward County Human Service Zone. In January 2025, Mogren's child reported to a school official that his mother was using methamphetamine and that he had found narcotics in a sunglasses case in a bathroom at their home. The school notified the Zone, and a child protective services worker responded to Mogren's home for a welfare check. Mogren allowed the social worker to enter the home and consented to her searching the area where the child had described finding the narcotics. The social worker located a sunglasses case in the bathroom. Mogren consented to the social worker opening the case. Inside, the social worker observed what she believed to be a controlled substance and drug paraphernalia.

[¶3]   The social worker contacted the Kenmare Police Department about her observations, and an officer came to the residence. Before the officer arrived, the sunglasses case was closed. When the officer arrived, Mogren consented to his entering the home. After discussing the discovery with the social worker, the officer asked Mogren whether he could search the area where the sunglasses case was found and whether he could open the sunglasses case. Mogren did not affirmatively consent to the search of either. The officer opened the sunglasses case without Mogren's consent or a warrant. He observed what he believed to be a controlled substance and drug paraphernalia. The officer seized the sunglasses case and its contents. The contents of the sunglasses case later served as the basis for the charges against Mogren. The district court denied Mogren's

1

motion to suppress the evidence found in the sunglasses case after a hearing in May 2025, after which she conditionally pled guilty. She now appeals.

## II

[¶4] Mogren argues that law enforcement unreasonably searched a closed container in her home, in violation of the Fourth Amendment to the United States Constitution and Article I, § 8, of the North Dakota Constitution. She argues she did not consent to the officer's search of the sunglasses case and therefore he needed to have had a warrant to open it. She contends that the evidence obtained from this warrantless search must be suppressed under the exclusionary rule.

[¶5] We apply a deferential standard when reviewing a ruling on a motion to suppress evidence. "[W]e defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance." *City of Dickinson v. Hewson*, 2011 ND 187, ¶ 6, 803 N.W.2d 814 (quoting *State v. Zink*, 2010 ND 230, ¶ 5, 791 N.W.2d 161). "This Court will affirm the district court's decision on a motion to suppress unless we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence." *State v. Boger*, 2021 ND 152, ¶ 7, 963 N.W.2d 742. "Whether a finding of fact meets a legal standard is a question of law, which is fully reviewable on appeal. Whether law enforcement violated constitutional prohibitions against unreasonable search and seizure is a question of law." *Id.*

[¶6] "The Fourth Amendment of the United States Constitution and Art. I, § 8, of the North Dakota Constitution protect individuals against unreasonable searches and seizures." *State v. Steele*, 2023 ND 220, ¶ 7, 997 N.W.2d 865 (quoting *State v. Bell*, 2017 ND 157, ¶ 8, 896 N.W.2d 913). "When an individual reasonably expects privacy in an area, the government, under the Fourth Amendment, must obtain a search warrant unless the intrusion falls within a recognized exception to the warrant requirement." *State v. Krall*, 2023 ND 8, ¶ 12, 984 N.W.2d 669 (quoting *State v. Gregg*, 2000 ND 154, ¶ 23, 615 N.W.2d 515).

[¶7] This case turns on a single question: Did Mogren have a reasonable expectation of privacy in the contents of the previously searched sunglasses case? We hold that she did not. In *Illinois v. Andreas*, the United States Supreme

2

Court held that when there is no substantial likelihood that the contents of a container previously searched under lawful authority have changed, the owner has no "legitimate expectation of privacy" in the container's contents. 463 U.S. 765, 773 (1983). Because the social worker had already lawfully opened the sunglasses case, Mogren did not have a reasonable expectation of privacy in its contents when the officer searched it. The district court did not err by applying *Andreas*, and the officer's subsequent warrantless search was not unreasonable.

[¶8] Mogren does not dispute that she consented to the social worker searching the sunglasses case. Although the prohibition of unreasonable searches applies to a child protective services worker, *State v. Bee*, 2021 ND 61, ¶ 7, 956 N.W.2d 380 (citing *Andrews v. Hickman Cnty.*, 700 F.3d 845, 859 (6th Cir. 2012)), Mogren's consent for the social worker to search the bathroom and open the case satisfied the consent exception to the warrant requirement. *State v. Stands*, 2021 ND 46, ¶ 8, 956 N.W.2d 366 ("Consent is a well-established exception to the warrant requirement."). Once the social worker observed the contents of the case, Mogren's reasonable expectation of privacy in those contents was extinguished. The district court found no indication that the contents of the sunglasses case had changed between the time when the social worker observed them and when the officer opened the case. Because Mogren had no reasonable expectation of privacy in the contents of the case, law enforcement did not need a warrant for the subsequent search. *Andreas*, 463 U.S. at 773.

[¶9] Mogren argues that *Andreas* is distinguishable because that case did not involve a search of a closed container inside the defendant's home. In *Andreas*, the subsequent search of the previously searched container occurred at a police station after law enforcement had arrested the defendant and seized the container outside of his apartment. *Andreas*, 463 U.S. at 767-68.

[¶10] *Andreas* applies because in both cases law enforcement officers searched a container while legally present at the search location. *Andreas*, 463 U.S. at 771-72. The officer was legally present in Mogren's home by her consent. That he opened the case in her home rather than elsewhere does not alter the analysis—his legal presence due to her consent mirrors the officers' legal presence in *Andreas*. In *Andreas*, the initial search was a lawful search by a customs inspector. Here, the

initial search was by a child protective services worker, and was lawful due to Mogren's consent.

[¶11] Mogren argues that our decision in *State v. Gagnon*, 2012 ND 198, 821 N.W.2d 373, compels a different result. In *Gagnon*, we held that a warrantless walk-through of a residence was unreasonable when law enforcement conducted it without consent, even though the defendant later signed a consent form. *Id.* ¶¶ 3–4, 15. That case turned on the sequence of events: the constitutional violation preceded the consent. Here, by contrast, Mogren consented to the social worker's search before any search occurred, and she consented to the officer's entry into her home before he opened the sunglasses case. Because both the initial search and the officer's presence in the home were lawful, *Gagnon* does not apply.

[¶12] Although the officer did not have Mogren's consent to open the sunglasses case, his search was not unreasonable despite the lack of a warrant. After Mogren consented to the initial search by the social worker, she no longer had a reasonable expectation of privacy in the case's contents, and the officer was legally present in her home.

### III

[¶13] We affirm the judgment.

[¶14] Lisa Fair McEvers, C.J.
     Daniel J. Crothers
     Jerod E. Tufte
     Jon J. Jensen
     Douglas A. Bahr